Donald B. PENNINGTON, et al. *v.* HARVEST FOODS, INC.

95-732                                                913 S.W.2d 758

Supreme Court of Arkansas
Opinion delivered December 18, 1995

*The Perroni Law Firm, P.A.*, by: *Rita S. Looney* and *Samuel A. Perroni*, for appellant Donald B. Pennington.

*Steven W. Quattlebaum*, for appellants Billy J. Armstrong and Service Brokerage Co.

*Wilson, Engstrom, Corum & Coulter*, by: *Stephen Engstrom*, for appellees.

PER CURIAM. Nine defendants have appealed a judgment obtained against them by Harvest Foods, Inc., in October of 1994. Harvest Foods has moved to dismiss the appeals of three of those parties, i.e., Donald B. Pennington, Billy J. Armstrong, and Service Brokerage Co., because their trial records were not filed in a timely manner. We agree. The Motion to Dismiss is granted.

The procedural history of this case is as follows:

| | |
|---|---|
| October 25, 1994 | Judgment entered after trial. |
| November 4, 1994 | Pennington files Motions for New Trial and JNOV; Armstrong and Service Brokerage file Motions for New Trial |
| November 7, 1994 | Other defendants file Motions for post-judgment relief; Armstrong and Service Brokerage file Motion for Remittitur. |
| December 7, 1994 | Trial Court enters order denying all of the post-judgment motions filed by all defendants. |
| December 15, 1994 | Pennington files Notice of Appeal |

| | |
|---|---|
| December 19, 1994 | Armstrong and Service Brokerage file Notices of Appeal. |
| December 29, 1994 | Oldner files Notice of Appeal |
| February 17, 1995 | All defendants jointly move for seven-month extension pursuant to Rule 5(b). Motion specifies that extension until July 7, 1995 is desired. |
| February 22, 1995 | Trial Court enters order granting the extension, but does not specify a date. |
| July 7, 1995 | Record is filed. |

Harvest Foods argues that, according to A.R.A.P. 4(c), the post-judgment motions filed by Mr. Pennington, Mr. Armstrong, and Service Brokerage were deemed denied on December 4, 1994. Accordingly, their seven-month extension to file their records could only last until July 5, 1995. In response, Mr. Pennington argues that the seven-month extension did not begin to run until December 7, 1994, because on that date, the Trial Court disposed of the last of the post-judgment motions that were filed in the case. Likewise, Mr. Armstrong and Service Brokerage contend that their time to file the record should also be computed from December 7, 1994, because the order that was entered on that date, which effectively denied their Motion for Remittitur, was an order that was contemplated by A.R.A.P. 5(b).

■ Rules 4(b) and 5(b) of the Arkansas Rules of Appellate Procedure clearly indicate the interplay between the filing of post-judgment motions and the correct time for filing the record on appeal after a seven-month extension has been granted. Although these rules provide for extensions in both filing the notice of appeal and filing the record that is designated therein, their applicability is limited by the type of post-judgment motions that are filed. In particular, Rule 4(b) provides that the time for filing the notice of appeal shall be extended upon the filing of a judgment notwithstanding the verdict, a motion to amend the court's findings of fact or to make additional findings, or of a motion for a new trial. Moreover, Rule 4(c) provides that if one of these motions is filed in a timely manner, the time for appeal

for all parties shall run from the entry of an order disposing of the motion. However, if no such order is entered within 30 days of the filing of the motion, the motion will be deemed denied as of the 30th day. Similarly, the seven-month extension for filing the record in Rule 5(b) is unequivocally linked to the disposition of the motions listed in Rule 4(b): "In no event shall the time be extended more than seven months from the date of the entry of the judgment, decree or order, or from the date on which a timely post-judgment motion under Rule 4(b) is deemed to have been disposed of under Rule 4(c), whichever is later."

In this case, the motions filed by Mr. Pennington, Mr. Armstrong, and Service Brokerage on November 7, 1994, are listed in Rule 4(b). However, according to Rule 4(c), they were "deemed denied" on December 4, 1994. Therefore, each of these parties had until July 5, 1995 in which to file their record. Although Mr. Armstrong and Service Brokerage filed Motions for Remittitur, they cannot claim December 7, 1994, as the starting date for their seven-month extension because such a motion is not contemplated by Rule 4(b).

Mr. Armstrong and Service Brokerage point out that Rule 4(c) permits all parties to file their notice of appeal after the post-judgment motions of only one of them have been disposed of, and they argue that this principle should carry over to Rule 5(b) regarding each party's filing of the record on appeal. In other words, their argument is that if all parties can proceed from the same date in filing their notices of appeal, they should be able to do so when they seek a seven-month extension in which to file their records. That is not what the rules provide.

The procedural history of this case clearly indicates that Mr. Armstrong and Service Brokerage filed their record on July 7, 1995, the date which they believed, despite the clear language of our rules to the contrary, to be the last day of their seven-month extension. The language in Rule 4(c) to which they refer in their argument was meant to eliminate confusion over whether litigants in a multiple party action, in filing their notice of appeal, must proceed from the date of the judgment or the date upon which a post-judgment motion is disposed of. Because of the discretion each party has in designating the record on appeal, the same interpretation need not be given to Rule 5(b).

Motion granted. In addition, we note that Harvest Foods has filed a motion to stay its brief time regarding these appeals. Since we are dismissing the appeals, Harvest Foods' request is now moot.

JESSON, C.J., BROWN and ROAF, JJ., dissent.

BRADLEY D. JESSON, Chief Justice. I disagree with the court's decision in this case from both a practical standpoint and a legal standpoint.

Legally speaking, our ruling has the effect of depriving certain appellants in a multi-party case of the full seven-month period for filing the record, as allowed by ARAP Rule 5(b). For example, if a "timely" record had been filed in this case, in accordance with our Per Curiam, those appellants other than Pennington, Armstrong and Service Brokerage would have been required to file the record two days short of the seven-month period. There is, after all, only one record.

In this particular case, two sets of defendants filed post trial motions, following an October 25 judgment. Pennington, Armstrong and Service Brokerage filed their motion on November 4. It was deemed denied December 4. The other defendants filed a post-trial motion on November 7. In our conference, there was some confusion as to the timeliness of this motion. It was in fact timely, having been filed nine business days after the judgment. When the time period for filing is less than eleven days, weekends and holidays are not counted in the computation. ARCP Rule 6(a). So, this timely post-trial motion was denied by court order on December 7.

By the precise wording of ARAP 5(b), at least some defendants had until July 7 to file the record. Again, I point out, there is only one record in this case. The Per Curiam refers to the record to be filed by Pennington, Armstrong and Service Brokerage as "their record," but that is misleading. There is not a separate record for each appellant.

In order that *all* appellants be accorded the full time extensions available to them, the record should be due on the latest date it is due for any one appellant, rather than the earliest. Our rules make such a provision for a multi-party situation in the filing of a notice of appeal. ARAP Rule 4(c). It was certainly reasonable

for Pennington, Armstrong and Service Brokerage to infer that the same philosophy would apply with regard to filing the record, especially since there is no explicit provision in our rule governing this issue.

From a practical standpoint, I disagree with the harsh sanction of dismissal that has been imposed on three appellants. Despite the Per Curiam's implication that our rules are clear in a case like this one, there is in fact no rule that addresses timeliness of the record filing in a multi-party situation. Additionally, this is the first time we have been called upon to interpret our rule in this regard. The record reflects that the parties have made a good faith effort to comply with our time requirements. Their late filing, if any, was not due to mistake, negligence, miscalculation or inadvertence, but to a very understandable interpretation of our rules. Unfortunately, this court has not agreed with that interpretation.

I would deny the motion to dismiss.

BROWN and ROAF, JJ., join in this dissent.